# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF ARIZONA, By and through its Attorney General, Mark Brnovich, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL & PREVENTION; et al., <br><br> DEFENDANTS. | CIVIL ACTION NO. 6:22-cv-00885-RRS-CBW |

## [Proposed] Temporary Restraining Order

The Court has considered Plaintiff States' Motion for a Temporary Restraining Order and to Compel Production of Information, and the Memorandum and exhibits attached thereto, and the applicable law. On the basis of these pleadings and papers, this Court hereby concludes that issuance of a temporary restraining order is warranted.

Defendants are hereby restrained from taking any action that either (1) formally implements the Title 42 Termination or (2) has substantially similar effect. In particular, DHS is restrained from processing migrants from El Salvador, Guatemala, and Honduras under Title 8 based upon any lack of capacity in flights to those countries and shall therefore resume its prior practice of processing such migrants under Title 42 while this order is in effect.

This temporary restraining order shall terminate in 14 days unless this Court takes action to dissolve or extend it before its expiration.

In addition, Defendant DHS shall file no later than Sunday, April 23 at 5pm CDT, a declaration explaining any recent significant changes in its implementation of Title 42. That declaration should, at a minimum:

1) Identify and describe what actions, if any, it has taken to implement the Termination Order as a formal matter;

2) Identify and describe what actions, if any, it has taken within the last month that would have substantially similar effect, including without limitation, any shift to processing aliens under Title 8;

3) Identify and describe in detail any changes in policy with respect to immigrants from Northern Triangle Countries in the past month and produce all guidance documents, orders, etc., relating to the same, including any provided to DHS employees of any rank;

4) Provide statistics for the number of migrants processed under Title 42 and Title 8 by country for each week over the past six months so that any meaningful changes in policy can be detected;

5) Either (a) attest under oath that the agency has not taken *any* actions in the prior month that could be reasonably characterized as a partially implementing the Termination Order, no matter how styled or characterized or (b) explain and describe in detail *any and all* actions that a reasonable observer might characterize as having the same effect as early implementation of the Termination Order *regardless of whether DHS itself believes those actions have that effect*, specifically including any shift to processing under Title 8;

6) Explain in detail whether a TRO that precluded DHS from taking any actions that (a) formally implement the Title 42 Termination before May 23 or (b) have substantially similar effect no matter how styled, would require DHS to make any changes to its current policies or policies that are set to go into effect before May 23, 2022; and

7) To the extent that DHS might assert that recent policy changes are independent from the Termination Order, (a) attest under oath that the impending termination of Title 42 played

no role whatsoever in DHS's decisions to implement the changes or (b) admit that the upcoming May 23 termination date played a role in the decisions and explain how in detail. No bond is required.

**IT IS FURTHER ORDERED** that Defendants shall file with this Court and serve on Plaintiff States within \_\_\_ days from the date of entry of this Order a report in writing setting forth in detail the manner in which Defendants have complied with the terms of the temporary restraining order.

Signed this \_\_\_ day of _____, 2022

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE