IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF ARIZONA,<br>By and through its Attorney General, Mark Brnovich, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>CENTERS FOR DISEASE CONTROL & PREVENTION; et al.,<br><br>DEFENDANTS. | CIVIL ACTION NO. 6:22-cv-00885-RRS-CBW |

### Temporary Restraining Order

The Court has considered the Plaintiff States' motion for a temporary restraining order, the Memorandum and exhibits attached thereto, and the applicable law. On the basis of these pleadings and other documents of record, this Court concludes that issuance of a temporary restraining order is warranted.

The Plaintiff States' motion seeks a temporary restraining order against early implementation of the Title 42 Termination Order ("Termination Order" or "Order"), which was issued by Defendant U.S. Centers for Disease Control and Prevention ("CDC") on April 1, 2022. The Termination Order has an effective date of May 23, 2022. The Plaintiff States have also sought a preliminary injunction against implementation of the Termination Order, which this Court has set for a hearing on May 13, 2022.

Defendants acknowledge some changes in policy in preparation for the termination of the CDC's Title 42 Order, particularly with respect to the increased processing via expedited removal of single adults from the Northern Triangle countries (El Salvador, Guatemala, and Honduras). A declarant from the Department of Homeland Security ("DHS"), for example, explained that the

agency "has begun in recent weeks to increase the use of expedited removal for some single adults eligible for removal who would otherwise be expelled pursuant to Title 42." Nuñez-Neto Decl. ¶16 (Doc. 27-1). Similarly, Defendants' brief in opposition acknowledges, "DHS's recent increased use of expedited removal for noncitizens from the Northern Triangle countries is in preparation for the full resumption of Title 8 immigration processing . . . ." TRO Opp. at 2.

To secure a temporary restraining order, the Plaintiff States must establish (1) "a substantial threat of irreparable injury," (2) "a substantial likelihood of success on the merits," (3) "that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted," and (4) "that the grant of an injunction will not disserve the public interest." *Jordan v. Fisher*, 823 F.3d 805, 809 (5th Cir. 2016). Based on the record, the Plaintiff States have satisfied each of these requirements. The Plaintiff States have demonstrated a substantial likelihood of success on the merits with respect to their claims that the Termination Order was not issued in compliance with the Administrative Procedure Act, 5 U.S.C. §551 et seq. ("APA"). The Court further concludes that the Plaintiff States have established a substantial threat of immediate and irreparable injury resulting from the early implementation of Title 42, including unrecoverable costs on healthcare, law enforcement, detention, education, and other services for migrants, and further that the balance of harms and the public interest both favor issuance of a temporary restraining order. Accordingly,

**IT IS HEREBY ORDERED THAT** for the next 14 days, unless this Court acts to extend or shorten that period:

Defendants, including DHS and all of its subdivisions, agencies, and employees, are hereby enjoined and restrained from implementing the Termination Order, including increases (over pre-Termination Order levels) in processing of migrants from Northern Triangle countries through Title 8 proceedings rather than under the Title 42 Orders, and are further enjoined and restrained from reducing processing of migrants pursuant to Title 42.

This order does not preclude DHS from exercising its case-by-case discretion under the August Order, 86 Fed. Reg. 42,828, 42841 (August 5, 2021), in a manner consistent with historical practice before issuance of the Termination Order. For example, DHS's declaration establishes that "during the entire time frame in which the CDC Title 42 Orders have been in place" DHS relied upon case-by-case discretion to "process[] approximately 5% of single adults from El Salvador, Guatemala, and Honduras (the 'Northern Triangle') pursuant to Title 8 authorities, including expedited removal," rather than through Title 42 expulsions. Nuñez-Neto Decl. ¶16. Under this temporary restraining order, Defendants are required to return to policies and practices in place prior to the issuance of the Termination Order, which should have the result (all else being equal) of returning to historical practices in line with historical benchmarks. This is not limited solely to single adults, but should be applied to all migrants unless a contrary court order requires otherwise.

Notwithstanding the above, subject to reporting requirements specified below, DHS may engage in targeted use of expedited removal to detain and remove single adult recidivist border crossers, even if such increase results in a greater percentage of migrants being processed pursuant to Title 8 authorities prior to the Termination Order. If Plaintiffs conclude based on DHS's reporting that DHS has used expedited removal in this way to a greater degree than they believe is appropriate, the parties shall confer and Plaintiffs may require DHS to return to the pre-Termination Order benchmark.

Defendants shall act in good faith to avoid taking actions that implement the Termination Order in advance of its May 23, 2022, effective date. Should Defendants have any reasonable doubts concerning the implementation of this order, they shall promptly confer with Plaintiffs, and if the parties are unable to resolve their differences, they shall request a status conference with the Court.

While this order is in effect, DHS shall file weekly reports providing (i) the number of single adults processed under Title 42 and Title 8 by country, (ii) the number of recidivist border crossers

for whom DHS has applied expedited removal, (iii) the number of migrants that have been excepted from Title 42 under the NGO-supported humanitarian exception process, and (iv) any material changes to policy regarding DHS's application of the Title 42 process.

This order applies nationally, and Defendants are bound by it in all locations and contexts within their respective jurisdictions. No bond is required.

Signed this 27th day of April, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE