IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

|  |  |  |
|---|---|---|
| STATE OF ARIZONA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 6:22-CV-00885-RRS-CBW |
| CENTERS FOR DISEASE CONTROL & PREVENTION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OPPOSITION TO PROPOSED INTERVENORS'
MOTION FOR LIMITED INTERVENTION**

## INTRODUCTION

Before the Court is a motion by two potential asylum seekers and an advocacy organization wishing "to intervene in this litigation to make a single argument" about the scope of any relief this Court may ultimately order. Proposed Intervenors' Mot. for Limited Intervention at 1, ECF No. 62 ("Mot."). Their motion should be denied. Proposed Intervenors are not entitled to intervention as of right because Defendants adequately represent their interests. Defendants and Proposed Intervenors have the same ultimate objective—namely, upholding the termination of an emergency public health measure known as Title 42.[1] Therefore, the Court must presume that Defendants adequately represent the Proposed Intervenors' interests, absent a showing of adversity of interest, collusion, or nonfeasance—a presumption that Proposed Intervenors fail to overcome. Proposed Intervenors also fail to meet at least one of the prerequisites for permissive intervention, as they do not present any claim or defense that could be asserted against the existing parties to this litigation. In any event, Proposed Intervenors' request for permissive intervention should be denied because (1) Defendants adequately represent their interests; (2) intervention could harm the federal government's interest in controlling litigation over federal directives; and (3) intervention is unnecessary, as Proposed Intervenors may advance their scope-of-relief argument in an *amicus* brief. Accordingly, Defendants respectfully request that the Court deny the motion to intervene.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(a)(2) establishes four requirements for intervention as of right: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of The Orleans Levee*

---

[1] Details about the Title 42 policy and other relevant background regarding this litigation can be found in Defendants' memorandum in opposition to Plaintiffs' motion for a preliminary injunction. *See* ECF No. 40 at 4–10.

1

*Dist.*, 493 F.3d 570, 578 (5th Cir. 2007) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.* ("*NOPSI*"), 732 F.2d 452, 463 (5th Cir. 1984)). "Failure to satisfy any one requirement precludes intervention of right." *Id.* A would-be intervenor bears the burden of establishing that it meets each requirement. *See generally Texas v. United States*, 805 F.3d 653 (5th Cir. 2015).

Federal Rule of Civil Procedure 24(b)(1)(B) provides for permissive intervention: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Even where these requirements are satisfied, "[p]ermissive intervention 'is wholly discretionary with the [district] court.'" *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *NOPSI*, 732 F.2d at 470–71). In resolving a request for permissive intervention, the Court should consider "whether the intervenors' interests are adequately represented by other parties"; "whether they 'will significantly contribute to full development of the underlying factual issues in the suit'"; and "the effect [of intervention] on the existing parties." *NOPSI*, 732 F.2d at 472–73 (citations omitted). "Orders denying permissive intervention are reviewed for clear abuse of discretion and will be reversed only if extraordinary circumstances are shown." *Trans Chem. Ltd. v. China Nat'l Machinery Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003) (citation and internal punctuation omitted).

## ARGUMENT

I. **Proposed Intervenors Are Not Entitled To Intervention As Of Right Because Defendants Adequately Represent Their Interests.**

Even if Proposed Intervenors could establish the first three requirements for intervention as of right, including the "legally protected interest" requirement, *cf.* Pls.' Br. in Opp'n to Proposed Intervenors' Mot. for Limited Intervention at 7–8, ECF No. 74 (quoting *Texas*, 805 F.3d at 658), they fail to meet the fourth requirement—*i.e.*, that their interests are "inadequately represented by the existing parties to the suit," *Haspel*, 493 F.3d at 578.

  A. **The Federal Government Is Presumptively An Adequate Representative Of Proposed Intervenors' Interests.**

The Fifth Circuit has recognized "two presumptions of adequate representation." *Texas v. United States*, 805 F.3d at 661 (citation omitted). "One presumption arises when 'the would-be

intervenor has the same ultimate objective as a party to the lawsuit.'" *Id.* (citation omitted). The other presumption arises in suits "involving a matter of sovereign interest," where the government "is presumed to represent the interests of all of its citizens." *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994). Both presumptions apply here—as Proposed Intervenors all but concede, *see* Mot. at 11–12 (acknowledging that both presumptions "arguably" apply and proceeding to "assum[e] [they] apply").

Courts have repeatedly held that the first presumption applies where the existing party and the would-be intervenor both desire to uphold a challenged government policy in its entirety. *See Hopwood*, 21 F.3d at 605–06 (affinity groups' "ultimate objective was the same as the State's: to defend the affirmative action program"); *Bush v. Viterna*, 740 F.2d 350, 356 (5th Cir. 1984) (Texas Association of Counties and government defendants had "the same objectives—to uphold the present standards and practices of the [government entity]"); *Louisiana v. Biden*, 338 F.R.D. 219, 224 (W.D. La. 2021) (conservation groups and government defendants had "same ultimate objective," *i.e.*, upholding the government's authority to pause new oil and gas leases on public lands); *Texas v. United States*, No. 6:21-cv-00003, 2021 WL 411441, at *3 (S.D. Tex. Feb. 6, 2021) ("The Proposed Intervenors have the same ultimate goal as the Defendants—to allow implementation of the [challenged policy]."). Here, Proposed Intervenors share the same ultimate objective as Defendants: upholding the Title 42 Termination Order issued by the Centers for Disease Control and Prevention ("CDC") on April 1, 2022. *Compare* Defs.' Opp'n to Pls.' Mot. for Prelim. Inj. at 16–42, ECF No. 40 (vigorously defending the lawfulness of the Termination Order), *with* Mot. at 2 ("Proposed Intervenors agree with Defendants' position that the Title 42 Termination Order is lawful . . . ."). While Proposed Intervenors desire to focus on potential scope-of-relief questions, *see* Mot. at 13 n.10, their submissions make clear that their *ultimate* objective—like Defendants'—is the full termination of Title 42. *See* Mot. at 6, 10 (alleging that Innovation Law Lab's mission "has been frustrated during the period that Title 42 has barred access to asylum at the border"); Decl. of Stephen Manning ¶¶ 14–23, ECF No. 62-3 (similar); Decl. of Alicia De Los Angeles Duran Raymundo ¶¶ 15, 17–19, ECF No. 62-2 (expressing objective that "Title 42 ends"); Decl. of Kevin Alexei De Leon De Leon ¶ 14, ECF No. 62-1 (similar). Limiting

3

a potential injunction of the Termination Order to Arizona and Texas is a fallback position that would only become relevant if this ultimate objective is not realized.

The second presumption of adequate representation applies with equal force. There should be no serious dispute that the CDC's termination of Title 42 is a "matter of sovereign interest," *Hopwood*, 21 F.3d at 605, which the Department of Justice is legally charged with defending. *See Texas v. United States*, 2021 WL 411441, at *3 (presumption applied to federal government's defense of temporary pause of removal of certain noncitizens); *see also Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (presumption of adequacy is "nowhere more applicable" than where, as here, "the Department of Justice deploys its formidable resources to defend" a federal directive) (citation omitted)). Proposed Intervenors' contention that Defendants do not "represent [them]," Mot. at 13, misunderstands the relevant inquiry; the question "is whether [the government] adequately represents the [would-be intervenors'] *interests*, and not whether the [government] is actually representing [them] as a party (which [the government] does not purport to do)," *Haspel*, 493 F.3d at 579.

### B. Proposed Intervenors Fail To Rebut The Presumption Of Adequate Representation.

Proposed Intervenors err in asserting that their burden of establishing inadequate representation is "minimal." Mot. at 11, 14 (citation omitted). Where, as here, the existing party is a presumptively adequate representative, "a much stronger showing of inadequacy is required." *Terrebonne Par. Branch NAACP v. Jindal*, No. 14-cv-069, 2016 WL 2743525, at *5 (M.D. La. May 11, 2016) (quoting *Hopwood*, 21 F.3d at 605). Specifically, where the "same ultimate objective" presumption applies, "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Texas v. United States*, 805 F.3d at 661–62 (citation omitted). Similarly, where the "government-representative" presumption applies, the would-be intervenor "must show 'that its interest is in fact different from that of the [governmental entity] and that the interest will not be represented by [it].'" *Id.* at 662 (citation omitted).

4

In the present case, Proposed Intervenors make no attempt to overcome the presumption of adequate representation by alleging collusion or nonfeasance; they assert only that there is an "'adversity of interest[s]' between Defendants and Proposed Intervenors." Mot. at 11–12 (citation omitted). Proposed Intervenors contend that they have "a very different reason" from Defendants for seeking to uphold the termination of Title 42: they desire to "obtain[] humanitarian protection" whereas Defendants seek to uphold "the federal government's authority to enforce immigration laws." *Id.* at 12–13. But it is nearly always true that advocacy groups seeking to intervene in defense of a government policy have their own unique *reasons* for doing so, and this is insufficient to overcome the presumption of adequate representation. *See, e.g.*, *Hopwood*, 21 F.3d at 605–06. Instead, Proposed Intervenors' burden is to demonstrate adversity of *interest*.

Proposed Intervenors maintain that their interests are not being adequately represented because they wish to address scope-of-relief issues not addressed in Defendants' opposition to Plaintiffs' motion for preliminary injunction. *See* Mot. at 8. This contention fails. "[D]isagreement over litigation decisions is almost always insufficient to demonstrate inadequate representation under Rule 24(a)(2)." *In re Toyota Hybrid Brake Litig.*, No. 4:20-cv-127, 2020 WL 6161495, at *16 (E.D. Tex. Oct. 21, 2020) (collecting cases); *see also Viterna,* 740 F.2d at 358; *Izzio v. Century Partners Golf Mgmt., L.P.*, No. 3:14-cv-03194, 2015 WL 5472845, at *3 (N.D. Tex. Sept. 15, 2015). Representation does not become inadequate simply because an existing party may not "make all the arguments [the proposed intervenor] would make if he had his druthers." *Buchanan v. Sirius XM Radio, Inc.*, No. 3:17-cv-0728, 2019 WL 4054930, at *4 (N.D. Tex. Aug. 28, 2019) (quoting *Ruiz v. Collins*, 981 F.2d 1256, 1256 (5th Cir. 1992) (per curiam) (unpublished table decision)), *appeal dismissed*, 2020 WL 1025596 (5th Cir. Jan. 3, 2020). If it did, "intervention of right would become almost automatic." *Toyota Hybrid*, 2020 WL 6161495, at *16 (quoting *Stadin v. Union Elec. Co.*, 309 F.2d 912, 919 (8th Cir. 1962)).

Proposed Intervenors rely heavily on the Fifth Circuit's decision in *Texas v. United States*, *see* Mot. at 12–13, but that case is distinguishable. There, the court held that the presumption of adequate representation was overcome because the intervenors not only "specif[ied] the particular ways in which their interests diverge[d] from the Government's" but also identified a particular issue in the

5

litigation on which the government's position was "directly adverse" to their own. *Texas v. United States*, 805 F.3d at 663. Specifically, the Government "t[ook] the position that the States may refuse to issue driver's licenses" to recipients of Deferred Action for Parents of Americans and Lawful Permanent Residents ("DAPA"), while the intervenors—potential DAPA recipients with an interest in obtaining licenses—took the opposite position. *Id.* The court found that this direct adversity with respect to a specific issue in the litigation overcame the presumption of adequate representation. *Id.*

Here, by contrast, Defendants and Proposed Intervenors are not directly adverse on any issue. Instead, Proposed Intervenors seek only "to make a single argument" that Defendants have not advanced. *See* Mot. at 1. Thus, the present case is more analogous to two recent decisions from this District, each of which denied advocacy groups' attempt to intervene because the groups shared the government's "ultimate objective" of upholding the challenged policy—even though the would-be intervenors' "sole aim [of] environmental conservation" differed from the government's inevitable need to "balance a wide variety of interests." *Am. Petroleum Inst. v. U.S. Dep't of Interior*, No. 2:21-cv-02506, 2022 WL 1297802, at *4–5 (W.D. La. Apr. 29, 2022); *see Louisiana*, 338 F.R.D. at 224. The critical point is that Defendants have vigorously defended the Termination Order, and Proposed Intervenors "ha[ve] not shown that [their] goals and [Defendants'] goals . . . are, in any way, opposed." *Brackeen v. Zinke*, No. 4:17-cv-00868, 2018 WL 10561984, at *4 (N.D. Tex. June 1, 2018) (distinguishing *Texas v. United States* on this basis). Further, Proposed Intervenors cite no case in which inadequate representation has been premised on an existing party's failure to make a particular argument, and finding inadequate representation under these circumstances would be particularly inapt because Proposed Intervenors may advance their argument as *amici*.

## II. Proposed Intervenors' Request For Permissive Intervention Should Be Denied.

The Court should also deny Proposed Intervenors' request for permissive intervention under Rule 24(b). For one thing, Proposed Intervenors do not present any "claim or defense," Fed. R. Civ. P. 24(b)(1)(B); instead, they seek to present argument on a legal issue that would only arise if Plaintiffs were to prevail on their claim. In any event, even if Proposed Intervenors met all the requirements of Rule 24(b)(1)(B), the Court should still exercise its broad discretion to deny permissive intervention.

6

### A. Proposed Intervenors Cannot Intervene Under Rule 24(b) Because They Have No Claims Or Defenses To Assert.

A non-party seeking permissive intervention must present a "*claim or defense* that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added). It must be the kind of claim or defense "that can be raised in courts of law as part of an actual or impending lawsuit," *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 n.18 (1997) (citation omitted), and for which there are "independent jurisdictional grounds," *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985) (citations omitted). These requirements reflect Rule 24's purpose of promoting judicial economy by "prevent[ing] multiple lawsuits where common questions of law or fact are involved." *Slade v. Progressive Sec. Ins.*, No. 11-cv-2164, 2018 WL 4054928, at *3 (W.D. La. Aug. 6, 2018) (quoting *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994)), *report and recommendation adopted*, 2018 WL 4089108 (W.D. La. Aug. 24, 2018); *see also United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 840 (8th Cir. 2009) ("The purpose of intervention is to 'promote[ ] the efficient and orderly use of judicial resources by allowing persons, *who might otherwise have to bring a lawsuit on their own* to protect their interests or vindicate their rights, to join an ongoing lawsuit instead.'" (emphasis added) (citation omitted)).

In this case, permissive intervention is unavailable because Proposed Intervenors do not present any claim or defense. Instead, they "seek to intervene in this litigation to make a single argument" regarding the geographical scope of any relief awarded. Mot. at 1; *see also id.* at 8. This case concerns whether the Federal Government complied with the APA in issuing the Termination Order; Proposed Intervenors identify no basis for a related lawsuit between them and either Plaintiffs or Defendants. *Cf. Sierra Club v. Antwerp*, 523 F. Supp. 2d 5, 10 (D.D.C. 2007) (granting motion for permissive intervention when intervenors "would be subject to claims—namely violations of several federal statutes—'arising under' the laws of the United States" (quoting 28 U.S.C. § 1331)). Proposed Intervenors' lack of a claim or defense is further underscored by their failure to attach to their motion "a pleading that sets out the claim or defense for which intervention is sought," as required by Rule 24(c). Accordingly, Proposed Intervenors do not satisfy the plain language of Rule 24(b) and 24(c),

7

so their motion for permissive intervention should be denied. *See Dixie Elec. Membership Corp. v. Cox Commc'ns La., LLC*, No. 13-cv-435, 2014 WL 3866113, at *5 (M.D. La. Aug. 6, 2014) (denying motion for permissive intervention because would-be intervenor had "no claims or defenses" to assert).

### B. Even If The Proposed Intervenors Met All The Requirements Of Rule 24(b), The Court Should Exercise Its Discretion To Deny Permissive Intervention.

Even when the requirements of Rule 24(b) are satisfied, "[p]ermissive intervention 'is wholly discretionary with the [district] court.'" *NOPSI*, 732 F.2d at 470–71 (citation omitted). "In acting on a request for permissive intervention, it is proper to consider, among other things, 'whether the intervenors' interests are adequately represented by other parties.'" *Id.* at 472 (citation omitted). Where, as here, the proposed intervenors' interests are adequately represented by an existing party, *see supra* Part I, that is sufficient grounds for denying not only intervention as of right but also permissive intervention. *See, e.g.*, *Louisiana*, 338 F.R.D. at 224 (citing *Hopwood*, 21 F.3d at 606).

Another factor is whether the proposed intervenors "will significantly contribute to full development of the underlying factual issues in the suit." *NOPSI*, 732 F.2d at 472 (citation omitted). This factor also weighs against permissive intervention. The present case involves APA claims to be decided on the basis of an administrative record that Defendants have already produced, *see* ECF No. 39. Proposed Intervenors would have no apparent role in developing the factual record. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 391 n.15 (5th Cir. 2001) ("It is a bedrock principle of judicial review that a court reviewing an agency decision should not go outside of the administrative record."); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (similar).

"The effect [of intervention] on the existing parties is also to be considered." *NOPSI*, 732 F.3d at 473. The Fifth Circuit has recognized that when an intervenor obtains "full party rights," "the control of the original parties over their own lawsuit is significantly diminished." *Id.* Here, permitting Proposed Intervenors to become "Parties to this case," as they request, Proposed Order, ECF No. 62-4, would interfere with the Department of Justice's prerogative to control "litigation in which the United States, an agency, or officer thereof is a party." 28 U.S.C. § 516; *see also* 28 C.F.R. § 0.20(b) (charging the Solicitor General with "[d]etermining whether, and to what extent, appeals

8

will be taken by the Government"); *United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 117 (8th Cir. 1976) ("It is axiomatic that the Attorney General must retain considerable discretion in controlling government litigation and in determining what is in the public interest."); *cf. Saldano v. Roach*, 363 F.3d 545, 555 (5th Cir. 2004) (recognizing the Texas Attorney General's interest in maintaining control over the State's criminal cases).

By contrast, Proposed Intervenors can fully realize their stated objective—advancing "a single argument" about the scope of potential relief, Mot. at 1—by participating as *amici*. Indeed, they have already presented their argument to the Court. *See id.* at 15–25. "Intervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means." *Deus*, 15 F.3d at 526. Accordingly, even if this Court finds that Proposed Intervenors satisfy Rule 24(b)'s requirements, it should deny their motion to intervene as parties and invite them instead to participate as *amici*.

## CONCLUSION

For the foregoing reasons, the pending motion to intervene should be denied.

Dated: May 12, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
 U.S. Department of Justice, Civil Division

JEAN LIN
Special Litigation Counsel (NY #4074530)

*Joseph J. DeMott*
JOSEPH J. DEMOTT (VA #93981)
JONATHAN D. KOSSAK (DC #991478)
JOHN ROBINSON (DC #1044072)
Trial Attorneys
1100 L St. N.W.
Washington, DC 20530
U.S. Department of Justice, Civil Division
Federal Program Branch
(202) 514-3716
Jean.lin@usdoj.gov
Joseph.DeMott@usdoj.gov
Jonathan.kossak@usdoj.gov

John.j.robinson@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify I served this document today by filing it using the Court's CM/ECF system, which will automatically notify all counsel of record.

Dated: May 12, 2022                                             /s/ Joseph J. DeMott