IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

|  |  |  |
|---|---|---|
| STATE OF ARIZONA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 6:22-CV-00885-RRS-CBW |
| CENTERS FOR DISEASE CONTROL & PREVENTION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants hereby seek leave to respond to Plaintiffs' Notice of Supplemental Authority, ECF No. 85, which was filed without leave of Court. Plaintiffs' Notice was accompanied by certain supplemental materials in support of Plaintiffs' motion for a preliminary injunction, as well as arguments based on those materials. Local Civil Rule 7.4, however, provides that "[m]emoranda [in support of motions] may not be supplemented except with leave of court first obtained." Should the Court decide to consider Plaintiffs' supplemental filing, Defendants respectfully request that the Court also consider the following response, which shows that Plaintiffs' supplemental filing does not support their request for a preliminary injunction.

*First*, Plaintiffs cite an Associated Press article, published the day prior to the preliminary injunction hearing, discussing an interview with White House COVID-19 coordinator Dr. Ashish Jha. *See* ECF No. 85-1; *see also* ECF No. 85-3 (actual interview *available at* https://apnews.com/article/biden-covid-healthcongress-a05afb7ebfa102992c354c99619fa944). Dr. Jha explained during the interview that the United States "will be increasingly vulnerable to the coronavirus this fall and winter if Congress does not swiftly approve new funding for more vaccines and treatments." ECF No. 85-1 at 2. In particular, he noted the impact on the timeline for placing orders for the next generation of vaccines. Dr. Jha, however, did not discuss the threat that the COVID-19 pandemic

1

posed when the CDC Director issued the Termination Order. The interview is thus irrelevant to Plaintiffs' Administrative Procedure Act claims, which must be reviewed on "the basis of the record before the agency *at the time it made its decision.*" *Louisiana ex. rel. Guste v. Verity*, 853 F.2d 322, 327 n.8 (5th Cir. 1988) (emphasis added); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973). Moreover, Plaintiffs' arbitrary-and-capricious claim is based on CDC's alleged failure to consider the States' reliance interests as well as immigration consequences in making its termination decision. Dr. Jha's projection about the potential *future* vulnerability of the United States to the pandemic if Congress does not approve new funding has no bearing on those questions, nor does it constitute a basis for challenging the Termination Order's scientific analysis or for asserting that CDC's analysis is pretextual.

Nor does Dr. Jha's interview "undercut the CDC's zone-of-interests arguments." ECF No. 85 at 1. The interview does not address the harms that Plaintiffs allege they will suffer if the Termination Order goes into effect—which are focused on financial harms stemming from a potential "increase of illegal immigration into the United States," Second Am. Compl. ¶ 111; *see also* Pls.' Reply at 26, ECF No. 51-1 (summarizing six categories of alleged harms to the States' fiscs)—much less indicate that such harms would be within the zone of interests of Section 265. To the extent Plaintiffs now seek to argue that noncitizens will endanger the health of their citizens, they could not pursue such a claim against the United States. *See Alfred L. Snapp & Son v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 607–08 (1982); *Massachusetts v. Melon*, 262 U.S. 447, 485–86 (1923); *see also Gov't of Province of Manitoba v. Bernhardt*, 923 F.3d 173, 182, 183 (D.C. Cir. 2019) (recognizing that *Massachusetts v. EPA*, 549 U.S. 497 (2007), does not alter the "longstanding precedent that a State in general lacks *parens patriae* standing to sue the federal government"; "[b]ecause Massachusetts sued to remedy its own injury rather than that of its citizens, *Massachusetts v. EPA* is not a *parens patriae* case").

*Second*, Plaintiffs submit a document entitled "U.S. Customs and Border Protection (CBP) Overview of the Southwest Border." ECF No. 85-2. Evidently created in early 2021, the document described data from "the first three months of FY 2021," *id.* at 3—namely October 2020 through

December 2020[1]—and projected an increase in the number of irregular migrants arriving at the southwest border "through the spring of 2021," *id.* at 2; *see also id.* at 3 (discussing data "[f]or FY 2021 to date (through December)"). This CBP document predated and was consistent with CDC's decision in its August 2021 Title 42 Order to continue the Title 42 scheme as to single adults and family units based on CDC's public health assessment at that time. *See* 87 Fed. Reg. 19,941, 19,947 (Apr. 6, 2022) (explaining rationale for the August 2021 Order). In any event, this outdated document is irrelevant to the preliminary injunction motion before the Court. As CDC found, by April 1, 2022, the public health circumstances had changed such that they no longer justified "the extraordinary measure of an order under 42 U.S.C. 265." 87 Fed. Reg. at 19,942 (Apr. 6, 2022).

Dated: May 18, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
 U.S. Department of Justice, Civil Division

JEAN LIN
Special Litigation Counsel (NY #4074530)

*Joseph J. DeMott*
JOSEPH J. DEMOTT (VA #93981)
JONATHAN D. KOSSAK (DC #991478)
JOHN ROBINSON (DC #1044072)
Trial Attorneys
1100 L St. N.W.
Washington, DC 20530
U.S. Department of Justice, Civil Division
Federal Program Branch
(202) 514-3716
Jean.lin@usdoj.gov
Joseph.DeMott@usdoj.gov
Jonathan.kossak@usdoj.gov
John.j.robinson@usdoj.gov

*Attorneys for Defendants*

---

[1] The federal fiscal year "begins on October 1 of each year and ends on September 30 of the following year." 31 U.S.C. § 1102.