IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

|  |  |  |
|---|---|---|
| STATE OF LOUISIANA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 6:22-CV-00885-RRS-CBW |
| CENTERS FOR DISEASE CONTROL & PREVENTION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND TO THE SECOND AMENDED COMPLAINT**

Defendants respectfully request that the Court stay further proceedings in this case pending Defendants' appeal of the Preliminary Injunction issued by this Court, except as to any issue that may arise from compliance with the Preliminary Injunction. *See Louisiana v. CDC*, No. 22-30303 (5th Cir.). As explained below, the Fifth Circuit's ruling on the issues on appeal, including threshold issues, could control the outcome of this case. At a minimum, the Fifth Circuit's decision will be relevant to this Court's resolution of the claims at issue. A stay of proceedings would thus promote efficiency, conserve judicial and party resources, and permit the parties and the Court to receive the Fifth Circuit's guidance in any further proceedings. Accordingly, this Court should exercise its discretion to temporarily stay district court proceedings during the pendency of the Fifth Circuit appeal.

In the alternative, Defendants respectfully request that the Court extend their deadline to respond to the Second Amended Complaint to 21 days after the Court resolves Defendants' motion to stay district court proceedings. Defendants have conferred with Plaintiffs, who have stated that they consent to the requested extension of time but oppose the requested stay.

## BACKGROUND

On April 1, 2022, CDC issued an order terminating its prior Title 42 suspension orders, with an implementation date of May 23, 2022. 87 Fed. Reg. 19,941 (Apr. 6, 2022) (Termination Order). On April 3, 2022, Plaintiffs brought this suit to challenge the Termination Order for failing to meet the Administrative Procedure Act's notice-and-comment requirements and as arbitrary and capricious agency action. ECF No. 1. On April 14, 2022, Plaintiffs moved for a preliminary injunction. ECF No. 13.

After briefing and a hearing, the Court granted Plaintiffs' motion for a preliminary injunction in a written memorandum ruling on May 20, 2022, and issued a nationwide preliminary injunction. ECF Nos. 90, 91. Defendants have filed a notice of appeal. ECF No. 92. One of the proposed intervenors whose intervention motion was denied by this Court has similarly filed a notice of appeal, ECF No. 95, and has additionally moved to stay the Preliminary Injunction in the Court of Appeals.

## ARGUMENT

A "[d]istrict Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The court may exercise this power in the interest of, among other things, "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir.1995) ("The federal courts are vested with inherent power 'to manage their own affairs so as to achieve the orderly … disposition of cases[,]' … includ[ing] the power of the court to control its docket[.]" (citation omitted)); *Hood ex rel. Mississippi v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006) ("Granting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency.").

Consistent with that discretionary power, a judge in this court recently stayed district court proceedings pending appeal of a denial of a preliminary injunction motion in an Administrative Procedure Act case, reasoning that "[b]ecause the issues are purely legal and discovery is limited to the administrative record," the Fifth Circuit's resolution of the appeal would be "informative and

instructive to the district court on the merits of the case." Memorandum Order at 6, *Chambless Enters. v. CDC*, No. 30-cv-1455 (W.D. La. Apr. 19, 2021), ECF No. 52; *see also* Memorandum & Order at 2, *Missouri v. Biden*, No. 4:21-cv-01329 (E.D. Mo. Dec. 22, 2021), ECF No. 40 (staying proceedings "while the appeal of the preliminary injunction unfolds," because appellate decisions "likely will guide further proceedings in this case"); Order, *Brown v. Azar*, No. 20-cv-03702 (N.D. Ga. Dec. 9, 2020), ECF No. 60 (staying proceedings pending appeal of denial of motion for preliminary injunction); *Minn. Voters Alliance v. Walz*, 494 F. Supp. 3d 610, 611–12 (D. Minn. 2020) (staying proceedings pending appeal of preliminary injunction because, among other things, the appeal was "likely to resolve some of the legal issues in dispute"); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (staying proceedings pending appeal of preliminary injunction to await Tenth Circuit's resolution of a legal issue that "would significantly advance the course of th[e] litigation" and best serve "the time and effort of the parties and the court"); *Bray v. QFA Royalties, LLC*, No. 06-cv-02528, 2007 WL 2688858, at *1 (D. Colo. Sept. 12, 2007) (staying proceedings pending appeal of preliminary injunction because "the Tenth Circuit's determination of the legal issues inherent in [the] preliminary injunction decision will edify further proceedings on those same . . . claims for permanent injunctive relief").

 Indeed, district courts within this circuit also routinely exercise their discretion to stay district court proceedings to promote judicial economy and efficiency when a case pending before the court of appeals presents issues similar to those before the district court. *See, e.g.*, *ING Bank N.V. v. M/V Bulk Finland, IMO No. 9691577*, No. 15-5975, 2017 WL 2798469, at *2 (E.D. La. June 28, 2017) ("Granting a stay pending the resolution of [a] Fifth Circuit case, . . . will conserve the Court's resources and prevent the parties from engaging in unnecessary appeals or undertak[ing] unnecessary discovery and pretrial actions."); *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (finding that "the interests of the parties, and appropriate conservation of judicial resources, weigh in favor of granting a stay" where "[t]he issues [on appeal] will very likely bear on this case"); *Eaton Vance Municipals Tr. v. Conegie*, No. 06-117, 2007 WL 1484539, at *1 (N.D. Miss. May 18, 2007) ("While the pending appeal does not preclude this Court's consideration of the issues raised by

defendant's Motion to Dismiss, the Court concludes that the interests of judicial economy and efficiency militate in favor of a stay.").

Here, a stay pending the resolution of Defendants' Fifth Circuit appeal, which may include certain threshold issues, would serve the interests of judicial economy and efficiency because the Fifth Circuit's opinion is likely to bear on the resolution of this case, including whether a remand to the agency would be necessary. As in *Chambless*, because the issues in this case are purely legal and review is limited to the administrative record, "it is in the interest of judicial economy to stay the proceeding pending the Fifth Circuit's review." Memorandum Order at 6, *Chambless Enters. v. CDC*, No. 30-cv-1455, ECF No. 52. It would waste the Court's and the parties' resources for the parties to brief, and for the Court to consider, dispositive motions prior to a Fifth Circuit opinion that may substantially inform, and perhaps control, the resolution of any such motions. *See id.*; *see also, e.g.*, *Greco*, 116 F. Supp. 3d at 761.

Moreover, a temporary stay pending appeal will not prejudice Plaintiffs because the Preliminary Injunction is in effect during the pendency of the appeal and Defendants have not sought a stay of the injunction pending appeal. Although one of the proposed intervenors has moved for a partial stay of the Preliminary Injunction pending appeal, that does not weigh against a stay of proceedings in this Court. If the Fifth Circuit denies the request, a stay of district court proceedings would not prejudice Plaintiffs. And if the Fifth Circuit grants the proposed intervenor's request, that would be all the more reason for the Court to wait for the Fifth Circuit's views on the proper scope of relief. Should the Fifth Circuit grant the proposed intervenor's request, Defendants will promptly notify this Court, and the Court could then modify the stay of proceedings as it deems appropriate.

If the Court is not inclined to stay proceedings pending appeal, Defendants respectfully request in the alternative that the Court grant their consent motion to extend their deadline to respond to the Second Amended Complaint to 21 days after the Court resolves Defendants' motion to stay district court proceedings. The United States Attorney was served with the complaint in this matter on April 7, 2022, and the Second Amended Complaint was filed on May 5, 2022. Defendants' response to Plaintiffs' Second Amended Complaint is currently due on June 6, 2022. Fed. R. Civ. P.

12(a)(2). Undersigned counsel reached out to Plaintiffs' counsel on May 25, 2022 to request Plaintiffs' position on the stay motion, and was informed on June 2 that Plaintiffs oppose the stay motion but consent to the requested extension of time.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to stay district court proceedings pending appeal. If the Court is not inclined to stay proceedings pending appeal, Defendants respectfully request in the alternative that the Court grant their consent motion to extend their deadline to respond to the Second Amended Complaint to 21 days after the Court resolves Defendants' motion to stay district court proceedings.

Dated: June 3, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
 U.S. Department of Justice, Civil Division

JEAN LIN
Special Litigation Counsel (NY #4074530)

/s/ John Robinson
JOHN ROBINSON (DC #1044072)
JONATHAN D. KOSSAK (DC #991478)
Trial Attorneys
1100 L St. N.W.
Washington, DC 20530
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 616-8489
Jean.lin@usdoj.gov
Jonathan.kossak@usdoj.gov
John.j.robinson@usdoj.gov

*Attorneys for Defendants*