IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

|  |  |
|---|---|
| STATE OF LOUISIANA, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>CENTERS FOR DISEASE CONTROL<br>& PREVENTION, *et al.*,<br><br>  Defendants. | Civil Action No. 6:22-CV-00885-RRS-CBW |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING APPEAL

In response to Defendants' motion to stay further proceedings in this case pending Defendants' appeal of the preliminary injunction order issued by this Court,[1] Plaintiffs have agreed to stay briefing on cross-motions for summary judgment pending the appeal's resolution, but have objected to a "broader stay" that would delay any motion to dismiss or discovery. Pls.' Opp'n at 1, ECF No. 145. But absent new agency action, Defendants do not intend to file a motion to dismiss. Moreover, discovery generally is not permitted in an Administrative Procedures Act (APA) case. Accordingly, Plaintiffs identify no reason that outweighs the benefits of a temporary stay, including promoting efficiency, conserving judicial and party resources, and permitting the parties and the Court to receive the Fifth Circuit's guidance in further proceedings.

For the reasons set forth below and in Defendants' opening brief, the Court should grant Defendants' motion to stay.

---

[1] Defendants' stay motion carved out an exception for any issue that might arise from compliance with the Court's preliminary injunction. Mot. to Stay at 1, ECF No. 114-1. Defendants also sought, in the alternative, to extend their time to answer or otherwise respond to the Second Amended Complaint to 21 days after the resolution of their stay motion. The Court granted that relief on June 6, 2022. Order at 1, ECF No. 117.

*First*, Plaintiffs argue that a broader stay would be inappropriate as Defendants might delay final resolution by filing a motion to dismiss to challenge "the adequacy of the States' pleadings after this Court has already addressed many of the issues presented in its May 20 preliminary injunction order, and the administrative record has already been produced." Pls.' Opp'n at 1. Plaintiffs' fear is unfounded. For the reasons Plaintiffs identify and unless there is new agency action impacting this litigation, Defendants do not intend to file a motion to dismiss.

*Second*, Plaintiffs argue that a stay would delay their ability to seek discovery on (1) whether the Termination Order was pretextual; and (2) whether Plaintiffs have sufficient evidence to prove standing. *Id.* at 2. Neither area of discovery justifies denying a stay of proceedings here. To begin, in APA cases, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The court's role is not to inquire into agency decisionmakers' motivations but rather to "evaluat[e] the agency's contemporaneous explanation in light of the existing administrative record." *Id.* "That principle reflects the recognition that further judicial inquiry into 'executive motivation' represents 'a substantial intrusion' into the workings of another branch of Government and should normally be avoided." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573 (2019) (quoting *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 268, n. 18 (1977)). Accordingly, "[d]iscovery typically is not available in APA cases," absent "a strong showing of bad faith or improper behavior." *Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487 (D.C. Cir. 2011) (cleaned up) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)); *see also McWaters v. Fed. Emergency Mgmt. Agency*, No. CV 05-5488, 2006 WL 8430802, at *4 (E.D. La. Jan. 11, 2006) (noting that only "extreme and extraordinary circumstances will suffice to show the requisite bad faith" to permit discovery in an APA case) (cleaned up) (quoting *Gary W. v. La. Dept. of Health & Human Resources*, 861 F.2d 1366, 1369 (5th Cir. 1989)).

Plaintiffs' bare assertion that CDC's reasons for terminating the Title 42 order are pretextual, and that the agency actually acted for political reasons, is insufficient to establish the requisite bad faith. As the Supreme Court held in *Dep't of Com. v. New York*, in an APA case, "a court may not reject

an agency's stated reasons for acting simply because the agency might also have had other unstated reasons." 139 S. Ct. 2551, 2573 (2019). That is, "a court may not set aside an agency's policymaking decision solely because it might have been influenced by political considerations or prompted by an Administration's priorities." *Id.* As the Supreme Court recognized, "[a]gency policymaking is not a rarified technocratic process, unaffected by political considerations or the presence of Presidential power"; rather, "[s]uch decisions are routinely informed by unstated considerations of politics, the legislative process, public relations, interest group relations, foreign relations, and national security concerns (among others)." *Id.* (citation omitted). Accordingly, Plaintiffs' APA challenges rise and fall based on "the agency's contemporaneous explanation" as supported by the existing administrative record, *id.*, and discovery into the agency's alleged political motivations would be improper and would waste the parties' and the Court's resources—exactly what a stay would avoid.

Plaintiffs' proposal that they be permitted to seek discovery from Defendants into Plaintiffs' Article III standing is similarly improper. Defendants' challenge to Plaintiffs' standing has been purely legal in nature—namely, that Plaintiffs' asserted injuries are neither legally cognizable nor fairly traceable to the Termination Order as a legal matter. Defendants' proposed discovery into the existence of their injuries therefore is improper and, again, would only waste the parties' and the Court's resources.

In sum, Plaintiffs have set forth no good reason to offset the benefits of a temporary stay pending appeal. This Court should therefore follow the example of *Chambless Enters. v. CDC*, No. 30-cv-1455 (W.D. La. Apr. 19, 2021), an APA action in which another judge of this court stayed further proceedings pending appeal of a denial of a preliminary injunction motion "[b]ecause the issues are purely legal and discovery is limited to the administrative record," and because the Fifth Circuit's resolution of the appeal would be "informative and instructive to the district court on the merits of the case." Mem. Order at 6, *Chambless*, No. 30-cv-1455 (W.D. La. Apr. 19, 2021), ECF No. 52. As in *Chambless*, "it is in the interest of judicial economy to stay the proceeding [in this case] pending the Fifth Circuit's review." *Id.*

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to stay district court proceedings pending appeal.

Dated: June 17, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
 U.S. Department of Justice, Civil Division

JEAN LIN
Special Litigation Counsel (NY #4074530)

/s/ *Jonathan D. Kossak*
JONATHAN D. KOSSAK (DC #991478)
JOHN ROBINSON (DC #1044072)
Trial Attorneys
1100 L St. N.W.
Washington, DC 20530
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 616-8489
Jean.lin@usdoj.gov
Jonathan.kossak@usdoj.gov
John.j.robinson@usdoj.gov

*Attorneys for Defendants*